Kinkade, J.
I concur in the conclusion reached, that the option as drawn, delivered and accepted constituted a contract between the owners and the purchaser for the conveyance of the full title to the land described in the option, including the inchoate right of dower of the wives of the two owners. The evidence offered in the case clearly established the fact that this was the intention of both the owners who signed the contract and of the purchaser who accepted it. This makes the case one, in my opinion, very different from the case of Savings Bank Co. v. Parisette, 68 Ohio St., in which this language concerning the contract is used with respect to the purchaser and the owners, on pages 460 and 461:
“The Company [the purchaser] knew, therefore, that i't was dealing with the husband alone as to his right .and title in the property; it knew that the wife could not be compelled to sign, and that, therefore, the contract was impossible of specific performance if construed to include her dower. It knew that it was accepting a contract which on its face did not purport to sell any interest but that of the husband, and especially did not purport to sell or agree to convey any inchoate dower of the wife.”
It will be seen from this language that the supreme court in the Parisette case found that the contract did not purport to convey the property free from claim of dower. In this case we hold this contract did obligate the owners to convey the property free from inchoate rights of dower held by their wives. I can not view the case of Savings Bank Co. v. Parisette as an authority against the *472 right of the plaintiff in this court to have a decree of specific performance in his favor, and am of opinion that should have been the decree here, with an abatement to cover the present value of the inchoate dower interests.
A majority of the court having reached the conclusion that specific performance is not the proper remedy here, I concur fully in the action of the court in remanding the case to the court of common jileas for the one purpose alone of assessing the damages that the plaintiff is there found entitled to recover.